Harry B. and Ann M. STONER, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Ray and Evelyn STONER, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Joseph E. and Barbara LAZZARA, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Harold H. and Eileen C. KELLOGG, Plaintiffs,

v.

UNITED STATES of America, Defendant.

ESTATE of John R. STEWART, Dec'd., Robert A. Buttrey, Administrator, and Estate of Nora H. Stewart, Dec'd., Robert A. Buttrey, Administrator, Plaintiffs,

v.

UNITED STATES of America, Defendant.

ESTATE of Glenn W. BRODIN, Dec'd., Irene Brodin, Executor, and Irene Brodin, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Roderick W. and Myrtle PHILLIPS, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Nos. 68 C 1032, 1031, 1027, 1026, 1029, 1030 and 1028.

United States District Court, N. D. Illinois, E. D.

June 29, 1970.

Charles W. Davis and Lewis E. Striebeck, Jr., of Hopkins, Sutter, Owen, Mulroy & Davis, Chicago, Ill., for plaintiffs.

Thomas A. Foran, U. S. Atty., and Asst. U. S. Atty., R. J. Krajcir, Chicago, Ill., Richard Sideman, Atty., Refund Section 1, Tax Division, United States Dept. of Justice, Washington, D. C., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW and JUDGMENT ORDERS

PERRY, District Judge.

### FINDINGS OF FACT

1. These are seven consolidated tax refund suits concerning the plaintiffs' taxable years ending December 31, 1960.

2. Plaintiffs in these cases are former key employees of Stoner Investments Inc. and their wives, their estates, administrators, and executors. In each case, the wife (or her estate or administrator) is a party solely because she filed a joint income tax return with her husband. The term "plaintiffs" herein refers only to the seven former key employees.

3. Plaintiffs are seven of the eighteen former employees of Stoner Investments Inc. who purchased common stock of The Vendo Company˝ (herein "Vendo") from Stoner Investments Inc. The Vendo stock was acquired by Stoner Investments Inc. from Vendo in exchange for Stoner Investments' assets on June 1, 1959. Defendant contends that the transactions whereby plaintiffs purchased the Vendo stock occurred in and are taxable in the year 1960, that the transactions were bargain purchases, and that the bargain element was compensation for services giving rise to taxable income in the year 1960.

4. The Explanation of Adjustment in the statutory notice of deficiency received by Harold H. and Eileen C. Kellogg gave the following reason for the entire increase in their taxable income for 1960:

"(a) On January 11, 1960, you acquired 100 shares of common stock of The Vendo Company from Stoner Investments, Inc. for a total consideration of $1,400.00. It is determined that as a result of that transaction you realized taxable income in the amount of $2,600.00, the difference between the amount paid for said stock

and the amount of its fair market value at the time of acquisition. Accordingly, your taxable income for 1960 is increased in the amount of $2,600.00."

The reasons given in the Explanations of Adjustments contained in the statutory notices of deficiency received by all other plaintiffs were identical, except for the number of shares and the dollar amounts.

*Jurisdictional Facts*

*Harold H. and Eileen C. Kellogg v. United States (Civil Action No. 68 C 1026)*

5. Plaintiffs are residents of the United States of America. On or about April 14, 1961, they filed a 1960 joint income tax return (Form 1040) with the Internal Revenue Service. On September 21, 1963, plaintiffs signed Form 872 extending the statute of limitations for 1960 until December 31, 1964. On December 15, 1964, a statutory notice of deficiency for 1960 was issued by the Internal Revenue Service. An assessment of an income tax deficiency of $642.34, together with interest of $155.00, was made on April 23, 1965. Payment of the assessment occurred on May 3, 1965. Plaintiffs filed a Claim for Refund (Form 843) of the aforementioned assessed taxes and interest on February 16, 1967. This action was commenced more than six months after the Claim for Refund was filed.

*Joseph E. and Barbara Lazzara v. United States (Civil Action No. 68 C 1027)*

6. Plaintiffs reside in the United States of America. On or about April 13, 1961, they filed a 1960 joint income tax return (Form 1040) with the Internal Revenue Service. On September 10, 1963, they signed a Form 872 extending the statute of limitations for 1960 until December 31, 1964. On December 15, 1964, the Internal Revenue Service issued a statutory notice of deficiency for 1960, and on April 12, 1965, plaintiffs were assessed an income tax deficiency for 1960 of $4,060.38, together with interest of $891.74. Payment of the assessed taxes and interest occurred on April 22, 1965. Plaintiffs filed a Claim for Refund (Form 843) of the aforementioned assessed taxes and interest on February 16, 1967. This action was commenced more than six months after the Claim for Refund was filed.

*Roderick W. and Myrtle Phillips v. United States (Civil Action No. 68 C 1028)*

7. Plaintiffs are residents of the United States of America. On or about January 28, 1961, they filed a 1960 joint income tax return (Form 1040) with the Internal Revenue Service. On September 13, 1960, they filed a Form 872 extending the statute of limitations for 1960 until December 31, 1964. A statutory notice of deficiency for 1960 was issued on December 15, 1964, and on April 12, 1965, they were assessed an income tax deficiency for 1960 in the amount of $8,877.81, together with interest of $1,569.11. Payment of the assessment occurred on April 19, 1965. On February 16, 1967, plaintiffs filed a Claim for Refund (Form 843) of the aforementioned assessed taxes and interest. The instant action was commenced more than six months after the Claim for Refund was filed.

*Estate of John R. Stewart, Deceased, Robert A. Buttrey, Administrator, and Estate of Nora H. Stewart, Deceased, Robert A. Buttrey, Executor v. United States (Civil Action No. 68 C 1029)*

8. Plaintiffs are residents of the United States of America. On or about April 10, 1961, decedents John R. Stewart and Nora H. Stewart jointly filed a 1960 income tax return (Form 1040) with the Internal Revenue Service. On March 16, 1964, they signed a Form 872 extending the statute of limitations for 1960 until December 31, 1964. On December 15, 1964, the Internal Revenue

Service issued a statutory notice of deficiency for 1960, and on April 23, 1965, plaintiffs were assessed an income tax deficiency for 1960 of $2,158.50, together with interest of $520.88. Payment of the assessed taxes and interest occurred on May 3, 1965. Plaintiffs filed a Claim for Refund (Form 843) of the assessed taxes and interest on February 16, 1967. This action was commenced more than six months after the Claim for Refund was filed.

*Estate of Glenn W. Brodin, Deceased, Irene Brodin, Executor, and Irene Brodin v. United States (Civil Action No. 68 C 1030)*

9. Plaintiffs are residents of the United States of America. On or about January 27, 1961, decedent, Glenn Brodin, and Irene Brodin filed a 1960 joint income tax return (Form 1040) with the Internal Revenue Service. On September 11, 1963, they signed a Form 872 extending the statute of limitations for 1960 until December 31, 1964. A statutory notice of deficiency for 1960 was issued on December 15, 1964, and on April 23, 1965, plaintiffs were assessed an income tax deficiency for 1960 in the amount of $1,485.00, together with interest of $358.35. Payment of the assessed taxes and interest was made on April 28, 1965. On February 16, 1967, plaintiffs filed a Claim for Refund (Form 843) of the aforementioned assessed taxes and interest which was disallowed on August 16, 1967.

*Ray L. and Evelyn J. Stoner v. United States (Civil Action No. 68 C 1031)*

10. Plaintiffs are residents of the United States of America. On or about April 15, 1961, they filed a 1960 joint income tax return (Form 1040) with the Internal Revenue Service. On September 12, 1963, they signed a Form 872 extending the statute of limitations for 1960 until December 31, 1964. On December 15, 1964, the Internal Revenue Service issued a statutory notice of deficiency for 1960, and on April 23, 1965, plaintiffs were assessed an income tax deficiency for 1960 in the amount of $3,594.56, together with interest of $867.42. Payment of the assessed income taxes and interest occurred on April 28, 1965. They filed a Claim for Refund (Form 843) of the aforementioned taxes and interest on February 16, 1967. This action was commenced more than six months after the Claim for Refund was filed.

*Harry B. and Ann M. Stoner v. United States (Civil Action No. 68 C 1032)*

11. Plaintiffs reside in the United States of America. They filed a 1960 joint income tax return (Form 1040) on or about April 15, 1961. On September 9, 1963, they signed a Form 872 extending the statute of limitations for 1960 until December 31, 1964. A statutory notice of deficiency was issued by the Internal Revenue Service on June 8, 1964, and on October 16, 1964, they were assessed an income tax deficiency for 1960 of $24,008.34, together with interest of $3,825.61. The assessed taxes and interest were paid on October 23, 1964. Plaintiffs filed a Claim for Refund (Form 843) of the aforementioned assessed taxes and interest on October 12, 1966, which was disallowed on June 8, 1967.

*Facts Relating to the Stock Purchases*

12. Stoner Investments (formerly Stoner Mfg. Corp.) was for many years a privately held company engaged in the manufacture of vending machines. During all times relevant to this case Harry B. Stoner, the President of Stoner Investments Inc., and three members of his family owned all of the stock of Stoner Investments Inc. and comprised the entire Board of Directors. Harry B. Stoner is the only stockholder or director who is a plaintiff in any of these cases. Harry B. Stoner made all policy decisions for Stoner Investments, although he normally consulted with the Board members.

13. Beginning in February or March, 1959, Stoner Investments entered into negotiations for the sale of its assets to The Vendo Company. During the early part of the negotiations Mr. Harry B. Stoner requested that Vendo make Vendo stock available to the key employees of Stoner Investments as part of any transaction entered into between Stoner Investments and Vendo.

14. The negotiations between Stoner Investments and Vendo resulted in an agreement dated April 3, 1959. Paragraph 2(b) of the agreement provided that as part of the consideration, Vendo could elect to either (1) transfer 60,000 shares of Vendo stock valued at $14 per share to Stoner Investments or (2) transfer only 50,000 shares and pay Stoner Investments an additional $140,000 in lieu of the other 10,000 shares. The option was included in the agreement between Stoner Investments and Vendo because it had not been decided as of April 3 which of the two companies would make Vendo stock available to Stoner Investments' former key employees.

15. On June 1, 1959, Stoner Investments transferred substantially all of its tangible assets other than land and buildings to The Vendo Company in exchange for cash and the full 60,000 shares of Vendo stock.

16. As a consequence of Stoner Investments' sale of its assets, most employees of Stoner Investments, including all of the plaintiffs, became employees of Vendo on June 1, 1959. Only Harry B. Stoner also remained an employee of Stoner Investments after June 1, 1959, although Joseph E. Lazzara from time to time assisted him.

17. Having received the extra 10,000 shares from Vendo, Stoner Investments wished to make it available to former key employees at cost—$14 per share. On June 10, 1959, Mr. Stoner therefore sent a letter to 26 former key employees offering the stock to them at cost. The June 10 letter was intended by Stoner Investments to be an offer.

18. The fair market value of Vendo stock during June, 1959, was $14 per share.

19. Prior to July 1, 1959, the cut-off date established by Stoner Investments, eighteen key employees, including the seven plaintiffs, responded orally or in writing to Stoner Investments, requesting stock. These responses were. intended by plaintiffs to be acceptances of Stoner Investments' offer.

20. Stoner Investments, Mr. Harry B. Stoner, and Mr. Joseph E. Lazzara believed that Stoner Investments had binding contracts with the former key employees, including plaintiffs, as of the date their responses were received.

21. After sending the June 10 letter and receiving the responses of key employees, Stoner Investments became concerned that the sale of the Vendo stock to the former key employees might require registration of the stock under the Securities Act of 1933. Stoner Investments' attorney, Mr. Edward Streit, contacted the S.E.C. on July 5, 1959, and the resulting negotiations between Stoner Investments and the S.E.C. continued through December 11, 1959.

22. Stoner Investments, Mr. Stoner, and Mr. Lazzara originally intended to deliver the Vendo stock to the former key employees, including plaintiffs, in July, 1959. The sole reason delivery was not made at that time was the pendency of the S.E.C. negotiations.

23. During the negotiations with the S.E.C., Mr. Stoner from time to time talked to all of the plaintiffs and assured them that the stock would be delivered.

24. If the S.E.C. had not approved the transactions without a registration, Stoner Investments intended to go through a registration in order to make delivery.

25. On December 11, 1959, the S.E.C. notified Stoner Investments that the S.E.

C. would take no action against Stoner Investments as a result of the sale without registration of Vendo stock to former key employees provided that each purchaser signed an investment letter.

26. Within a few days after S.E.C. clearance was obtained on December 11, Mr. Lazzara sent identical letters to each of the purchasers advising them of the S.E.C. approval, reaffirming the number of shares each of them was entitled to receive, and requesting that the enclosed investment letters be signed and returned.

27. Each purchaser signed and returned to Stoner Investments Inc. prior to December 31, 1959, an investment letter in which he stated that the stock was being purchased for investment, not for resale.

28. The sales to the former key employees were treated as 1959 sales on the books and records of Stoner Investments.

29. Stoner Investments, Harry B. Stoner and Joseph E. Lazzara had no intent or purpose to compensate any of the plaintiffs.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of these cases pursuant to Section 1346(a) (1) of Title 28, United States Code.

2. The defendant has conceded that plaintiffs are entitled to prevail if the transactions at issue are taxable in 1959, since the defendant is barred by the applicable statute of limitations (Section 6501 of the Internal Revenue Code of 1954) from assessing any tax for the year 1959.

3. This case is governed by Section 61 of the Internal Revenue Code of 1954, as amended; under Section 61 any bargain received by any of the plaintiffs was taxable at the time such plaintiff acquired an unconditional right to receive the Vendo stock, and each of the plaintiffs acquired such an unconditional right at the time he entered into a contract with Stoner Investments Inc. Estate of Ogsbury, 28 T.C. 93 (1957), aff'd, 258 F.2d 294 (2d Cir. 1958).

4. At the time the June 10, 1959, letter was sent by Harry Stoner to the former key employees of Stoner Investments Inc., Harry Stoner had both actual authority and apparent authority from Stoner Investments Inc. to sell the 10,000 shares of Vendo stock to former key employees.

5. The legality under the Securities Act of 1933 of a contract to sell unregistered stock does not affect the enforceability of such a contract by the purchaser.

6. Stoner Investments Inc. entered into contracts with each of the plaintiffs in June, 1959.

7. At the time the contracts herein were entered into between Stoner Investments Inc. and each of the plaintiffs, both the contract purchase price of the Vendo stock and the fair market value of the Vendo stock were $14 per share, and the purchases were consequently not bargain purchases.

8. Without regard to whether events in June, 1959, were alone sufficient to create contracts, the communications between Stoner Investments Inc. and plaintiffs in December, 1959, were sufficient to create contracts between Stoner Investments Inc. and each of the plaintiffs in December, 1959.

9. Stoner Investments Inc. did not transfer Vendo stock to plaintiffs and other former key employees as compensation for services or as dividends.

10. Plaintiffs received no taxable income as a result of their purchases of Vendo stock from Stoner Investments Inc. Plaintiffs have made overpayments of taxes and interest for the calendar year 1960 in the amounts shown in the following table; and plaintiffs are entitled to refunds of the entire amounts of such overpayments which were illegally assessed and collected, together

with interest and costs as provided by law:

| | Overpayment of Taxes & Interest |
|---|---|
| Harold H. & Eileen C. Kellogg | $ 797.34 |
| Joseph E. & Barbara Lazzara | 4,952.12 |
| Roderick W. & Myrtle Phillips | 10,446.92 |
| Estate of John R. Stewart, Deceased, Robert A. Buttrey, Administrator, and Estate of Nora H. Stewart, Deceased, Robert A. Buttrey, Executor | 2,679.38 |
| Estate of Glenn W. Brodin, Deceased, Irene Brodin, Executor, and Irene Brodin | 1,843.35 |
| Ray L. & Evelyn J. Stoner | 4,461.98 |
| Harry B. & Ann M. Stoner | 27,833.95 |